IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| WILEY SHREVE SWEARINGEN, | Case No. 1:19-cv-00586-CL |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| STEVEN TERNER MNUCHIN, DAVID J. KAUTLER, CHERYL CARDERO, G.J. CARTER-LOUIS, UNITED STATES, | |
| Defendants. | |

AIKEN, District Judge:

The Court previously adopted Magistrate Judge Clarke's Findings and Recommendation ("F&R") (doc. 15), granting defendants' motion to dismiss (doc. 8) and dismissing this case with prejudice. (doc. 21) Now before the Court is plaintiff

Page 1 – ORDER AND OPINION

Wiley Shreve Swearingen's motion for rehearing *en banc* (doc. 24). As plaintiff is proceeding *pro se* the Court construes plaintiff's motion as motion for reconsideration pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure in the interest of fairness.[1]

A district court is permitted to reconsider and amend a previous order pursuant to Fed. R. Civ. Pro. 59(e). A motion for reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted). Reconsideration is appropriate only if "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Likewise, a Court may grant relief from final judgment pursuant to Rule 60(b) for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud(whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

---

[1] There is no statutory framework for a rehearing *en banc* in Federal District Court.

prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Plaintiff motion does not provide sufficient grounds for reconsideration as construed under either rule. Rather, plaintiff restates argument which were rejected in the F&R and by this Court. He fails to show any newly discovered evidence, clear error of law, or intervening change in the law in the previous decisions. Likewise, he does not articulate any grounds for relief under Rule 60.

Thus, the Court DENIES plaintiff's motion (doc. 24) as construed under Federal Rules of Civil Procedure 59 and 60.

IT IS SO ORDERED.

Dated this 23rd day of January 2020.

_____
Ann Aiken
United States District Judge